UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 MAR 28  P 3: 58

Lamont Alvin McElveen, #99987-071,    ) C/A No. 9:07-11-TLW-GCK
                                       )
                                       )
                    Petitioner,        )
                                       )
                                       )    **Report and Recommendation**
vs.                                    )
                                       )
Alberto Gonzalez,                      )
                                       )
                    Respondent.        )
                                       )

The petitioner, Lamont Alvin McElveen ("Petitioner"), files this action seeking habeas corpus relief.[1] Petitioner is a federal prisoner at U.S. Penitentiary in Jonesville, Virginia, serving a sentence imposed by this District Court. *See USA v. McElveen*, 4:03-cr-473-TLW. The petition attacks the legality and constitutionality of several statutes, including the criminal code as codified in United States Code Title 18, under which Petitioner was convicted. The petition in this case must be dismissed because this Court lacks jurisdiction to consider it.

### *Pro Se* **Petitioner**



Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition. The review was conducted pursuant to the Rules Governing Section 2254 Cases,[2] and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

[2] Rule 1(b) of the Rules Governing Section 2254 Cases allow for the application of the rules to a habeas corpus petition filed under 28 U.S.C. § 2241.

1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* Petition is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim which can be addressed by the court. *Weller v. Dep't of Social Services*, 901 F. 2d 387 (4th Cir. 1990).

## **Background**

Petitioner filed a document titled "Petitioner's Original Petition For Habeas Corpus, Request For Dismissal of Indictment and Conviction, and Request for Declaratory Judgment."[docket entry # 1]. The Petition was construed as filed pursuant to 28 U.S.C. § 2241.[3] The Petition, however, was unsigned and appropriate financial information was not provided, so this Court issued a "proper form" order. By order dated January 17, 2007, Petitioner was given an opportunity to provide the necessary signature and financial information to bring the case into proper form for evaluation under Rule 4 of the Rules Governing Section 2254 Cases. Petitioner paid the filing fee [docket entry # 4], and filed the completed signature page (page 86) of his petition [docket entry # 8 (page 6)], thus complying with the Court's order. Although Petitioner complied with the order to bring his habeas action into proper form, he also filed a document titled "Response to Order Dated 1/17/2007." [original docket entry # 5, re-docketed entry # 8].

In the "Response," Petitioner stated his belief that the Court incorrectly construed his Petition

---

[3] Title 28 U.S.C. § 2241(c)(3) extends the writ of habeas corpus to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States," as alleged by Petitioner.

for Habeas Corpus as filed under 28 U.S.C. § 2254, when his "clear filing" was a motion under § 2255.[4] Attached to the "Response" was a copy of the Motion to Vacate Petitioner filed in his pending criminal case. *See USA v. McElveen*, 4:03-cr-473-TLW; *McElveen v. USA*, 4:06-70003-TLW. The "Response" claimed Petitioner was not attempting to file a separate habeas action, but only desired to pursue his pending Motion to Vacate, Set Aside or Correct, which was filed pursuant to 28 U.S.C. § 2255. Because a petitioner may voluntarily dismiss a case "by filing a notice of dismissal at any time before service," Fed. R. Civ. P. 41(a)(1), Petitioner's "Response" was construed as a notice to voluntarily dismiss this case under Rule 41 of the Federal Rules of Civil Procedure.[5] By Order dated February 16, 2007, the Clerk of Court was instructed to re-docket the "Response"as a notice of voluntary dismissal by Petitioner, and to file the documents in docket entry #1 as a memorandum to the Petitioner's § 2255 Motion to Vacate in Criminal Action No. 4:03-473-TLW.

Petitioner now files a "Motion to Reinstate 28 U.S.C. § 2241." [docket entry # 9]. Petitioner requests withdrawal of his notice of voluntary dismissal [docket entry # 8], and reinstatement of his habeas action.  The motion also states "Petitioner moves pursuant to the Federal Rules of Civil Procedure, Rule 59(e), to 'alter or amend judgment', where this court dismissed the § 2241, as petitioner was totally 'unaware' that such a motion had been filed on his be-half."  The motion explains Petitioner found out about the filing of this § 2241 habeas action "[a]fter learning from family members which hired the 'International Legal Services', located in Austin, Texas."  Because of the unusual procedural



---

[4] The Court actually construed his Petition for Habeas Corpus as filed pursuant to 28 U.S.C. § 2241 since he is a federal, not a state, prisoner.

[5] The Rules of Civil Procedure are applicable to habeas corpus proceedings "to the extent that the practice in such proceedings is not set forth in statutes of the United States, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings, and has heretofore conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(2).

history of this case, the Motion to Reinstate should be granted, and the petition should be dismissed because this Court does not have jurisdiction to consider Petitioner's § 2241 petition.

**Discussion**

## 1. Motion to Reinstate

Without reaching the merits of Petitioner's Motion to Reinstate, this Court should grant the motion because of the unusual procedural posture of this case. The result of construing Petitioner's document titled "Response to Order Dated 1/17/2007" [original docket entry # 5, re-docketed as entry # 8], as Petitioner's voluntary dismissal under Rule 41 is the dismissal of this case. But for the voluntary dismissal, once this case was brought into proper form, it would have been recommended for dismissal for lack of jurisdiction. Therefore, this Court should grant the Motion to Reinstate [docket entry #9] so that this Court may address the lack of jurisdiction over this petition.

## 2. Lack of Jurisdiction



Petitioner is a federal prisoner incarcerated at United States Penitentiary in Jonesville, Virginia, filing for habeas relief in this Court. The United States Supreme Court states "in habeas challenges to present physical confinement - 'core challenges'- the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The warden of the United States Penitentiary in Jonesville, Virginia, where Petitioner is being held, is the proper respondent in this case. The *Padilla* court states "[w]e summed up the plain language of the habeas statute over 100 years ago in this way: '[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Id.* at 435, (quoting

4

*Wales v. Whitney*, 114 U.S. 564, 574 (1885)). Just as in the *Padilla* case, Petitioner has not named the appropriate respondent. Even if Petitioner corrected this flaw in the petition, the case should be dismissed.

A court issuing a writ of habeas corpus must have jurisdiction over the respondent, the petitioner's custodian. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973). As the *Padilla* court directs, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. at 442, (quoting 28 U.S.C. § 2241(a)). The district of confinement is the sole district having jurisdiction "for core habeas petitions challenging present physical confinement." *Id.* at 443. The petition, among other relief, requests "immediate release from [Petitioner's] fettered restraints on his liberty." (Pet. at 85.) Petitioner is clearly challenging his current physical confinement, and therefore must file his habeas action in the district court having jurisdiction over the warden of the United States Penitentiary in Jonesville, Virginia. This Court does not have jurisdiction over Petitioner's custodian, and therefore this case should be dismissed without prejudice for lack of jurisdiction.

## Recommendation

Accordingly, it is recommended that the Motion to Reinstate [docket entry # 9] be granted, and the § 2241 petition be dismissed *without prejudice*. The petitioner's attention is directed to the important notice on the next page.

Respectfully Submitted,

George C. Kosko
United States Magistrate Judge

March **28**, 2007
Charleston, South Carolina

5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).